[692 NYS2d 390]

In the Matter of WALTER CHARLES HEGARTY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 19, 1999

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Nancy A. Bolger* of counsel), for petitioner.

*John F. Carman,* Garden City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated May 20,

1998, which contained seven charges of professional misconduct against him. The Special Referee sustained Charges One, Two, Three, Four, and Six. Charge Five was withdrawn. The Grievance Committee now moves to confirm the Special Referee's report in full and to impose such discipline as the Court deems just and proper. The respondent requests that the Court confirm the Special Referee's report and limit any sanction to a censure.

Charge One alleged that the respondent has steadfastly failed to cooperate with the Grievance Committee in its investigation of a complaint filed against him by Steven Williams, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

The respondent failed to respond to communications sent to him by the Nassau County Bar Association Grievance Committee on July 16, August 7, and August 19, 1997, which requested his written responses. The respondent also failed to respond to a letter from the Grievance Committee for the Tenth Judicial District, dated August 28, 1997, which directed him to reply within 15 days and to explain his failure to cooperate up to that point. The Grievance Committee advised the respondent that his failure to cooperate subjects him to possible disciplinary sanctions independent of the merits of the underlying complaint.

The Grievance Committee sent the respondent a second letter, via certified mail, dated September 17, 1997, warning him that his failure to respond within 10 days would result in a motion for his suspension. The respondent still failed to respond. Nor did the respondent appear for a deposition on November 24, 1997, despite the service of a subpoena and subpoena duces tecum upon him.

The respondent failed to contact the Grievance Committee notwithstanding assurances made during a telephone conversation of November 25, 1997 in which he informed Grievance Counsel that he would retain counsel by November 26, 1997.

The respondent also failed to respond to a certified letter, dated December 2, 1997, in which the Grievance Committee outlined his failures to cooperate and referred him to 22 NYCRR 691.4 (*l*).

Charge Two alleged that the respondent steadfastly failed to cooperate with the Grievance Committee in its investigation of a complaint filed against him by John Santora, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

The respondent failed to respond to the Grievance Committee's letters dated September 2 and September 19, 1997, which requested his response to the Santora complaint within 15 and 10 days, respectively. The respondent failed to appear at the Grievance Committee's offices on November 24, 1997 for a deposition, despite the service of a subpoena and subpoena duces tecum upon him.

The respondent failed to contact the Grievance Committee notwithstanding assurances made during a telephone conversation of November 25, 1997, in which he informed Grievance Counsel that he would retain counsel by November 26, 1997.

The respondent also failed to respond to a certified letter, dated December 2, 1997, in which the Grievance Committee outlined his failures to cooperate and referred him to 22 NYCRR 691.4 (l).

Charge Three alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) and DR 1-102 (A) (5) and (8) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [5], [8]).

In or about 1993, the respondent was retained to handle a personal injury claim for John Kocaj. John Santora, Esq. referred the matter to the respondent.

Between the time of his retainer through May 1996, the respondent failed to pursue the matter in a timely and diligent manner. The respondent failed to advise his client or the referring attorney of the status of the case, notwithstanding repeated requests.

The respondent's services were terminated and he was requested to return the legal file to the referring counsel. The respondent failed to return the legal file notwithstanding the request and a letter from John Santora requesting its return.

Charge Four alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of a complaint filed against him by Vincent Molino, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

The respondent failed to respond to a letter from the Grievance Committee, dated November 5, 1997, requesting his written response within 15 days. The respondent failed to appear at the Grievance Committee's offices despite service upon him of a subpoena and a subpoena duces tecum. The respondent failed to contact the Grievance Committee despite assurances made during a November 25, 1997 telephone conversation, to

the effect that he would retain counsel by November 26, 1997. By certified letter dated December 2, 1997, the Grievance Committee outlined the respondent's failures to cooperate and referred him to 22 NYCRR 691.4 (*l*). The respondent failed to reply.

Charge Six alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of a sua sponte complaint filed against him by the Grievance Committee regarding his failure to register as an attorney, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

The respondent failed to comply with a letter from the Grievance Committee, dated October 17, 1997, which requested his response within 15 days, along with verifications of his current registration and any explanation for his previous noncompliance. The Grievance Committee also suggested that the respondent immediately comply with the statute by contacting the Office of Court Administration for the necessary registration forms.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained Charges One, Two, Three, Four, and Six. The Grievance Committee's motion to confirm, as joined in by the respondent, is granted.

In determining an appropriate sanction to impose, the respondent asks the Court to consider that his failure to cooperate with the Grievance Committee's investigation during the fall of 1997 was the culmination of personal and professional pressures that left him temporarily unable to address important matters in his life. According to the respondent, at the heart of his mishandling of the Kocaj matter was his inability to confront both the client and the referring attorney with his conclusions regarding the weakness of the case and his disbelief in a recovery. The respondent points out that the complaints uniformly involved a failure to act as opposed to affirmative acts of misconduct. There were no complaints regarding improper handling of client funds or any other acts suggestive of dishonesty. The respondent also points to his previously unblemished record and introduced the testimony of his treating psychiatrist, on the issue of the respondent's depression and life-long self-esteem problem.

Under the totality of circumstances, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Walter Charles Hegarty, is suspended from the practice of law for a period of one year, commencing May 19, 1999, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Walter Charles Hegarty, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.