[714 NYS2d 453]

In the Matter of WALTER C. HEGARTY (Admitted as WALTER CHARLES HEGARTY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 23, 2000

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Nancy A. Bolger* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By opinion and order of this Court dated April 19, 1999 (253

AD2d 262), the respondent was suspended for a period of one year, commencing May 19, 1999, based on charges that he has failed to cooperate with the Grievance Committee in investigating complaints of professional misconduct against him and that he neglected a legal matter entrusted to him. By decision and order of this Court dated December 13, 1999, the Grievance Committee was authorized to institute and prosecute a second disciplinary proceeding against the respondent based on allegations of neglect and failure to cooperate. The issues raised in that proceeding were referred to the Honorable Harry H. Kutner, as Special Referee, to hear and report.

The Grievance Committee now moves for this Court to impose discipline against the respondent upon his default in answering the petition.

Pursuant to this Court's order dated December 13, 1999, the Grievance Committee prepared for service upon the respondent a notice of petition, dated January 6, 2000. It was unable to serve the respondent, whose whereabouts are unknown. The Grievance Committee's investigator discovered that the respondent's former residence in New Jersey was rented by a tenant who claimed to be unaware of the respondent's whereabouts. The tenant's rent checks were sent to the respondent at his sister's address in New Jersey. The Grievance Committee contacted the Office of Attorney Ethics in New Jersey, which attempted to locate and serve the respondent at his sister's residence. The sister claimed that she had no knowledge of the respondent's whereabouts, was estranged from her brother, and would not accept service on his behalf.

A deed search of the respondent's former residence at 35 Cambridge Avenue in Garden City, New York, revealed that title to the property was still vested in the respondent and his two sisters, as joint tenants with right of survivorship.

The Grievance Committee's attempted service bore the following results: the regular mailing was returned to the Grievance Committee's offices by the Post Office with a notation that the forwarding time to 245 Hillside Avenue, Williston Park, N. Y., 11596, the respondent's former office address, had expired. When the Grievance Committee attempted service at that address, the current occupants advised that it had been approximately one year since the respondent had appeared there. The certified mailing was returned to the Grievance Committee's offices with the same notation.

The Grievance Committee mailed the petition to the Williston Park address via both certified and regular mail. The certi-

fied mailing was returned "Not Deliverable as Addressed/Unable to Forward." The regular mailing was not returned.

The Grievance Committee takes the position that it attempted service at the respondent's last known address, 35 Cambridge Avenue in Garden City, since the respondent is still listed as a legal owner at that address.

The Grievance Committee and New Jersey authorities have made all reasonable efforts to effect service notwithstanding the respondent's failure to apprise the Office of Court Administration of his current address.

Under the circumstances, the motion is granted, the charges against the respondent are deemed admitted, and he is disbarred on default. The judgment of disbarment will be published in both the New York Law Journal and a local paper selected by the Grievance Committee.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SMITH, JJ., concur.

Ordered that the petitioner's motion for leave to disbar the respondent on the ground that he failed to appear or answer the petition is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Walter C. Hegarty, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Walter C. Hegarty is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.